1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10    JOHN GARRETT SMITH,

11                    Petitioner,

12        v.

13    STATE OF WASHINGTON,

14                    Respondent.

CASE NO. 3:18-CV-05192-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: June 15, 2018

15        The District Court has referred this action to United States Magistrate Judge David W.

16    Christel. Petitioner John Garrett Smith, proceeding *pro se*, filed a Petition for Writ of Mandamus

17    ("Petition") pursuant to 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Dkt. 4. Having reviewed and

18    screened the Petition under 28 U.S.C. § 1915A, the Court finds the deficiencies of the Petition

19    cannot be corrected and recommends the Petition be dismissed.

20        Under the Prison Litigation Reform Act of 1995, the Court is required to screen

21    complaints brought by prisoners seeking relief against a governmental entity or officer or

22    employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

23    complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

24

state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). "Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action '[w]henever it appears ... that the court lacks jurisdiction of the subject matter ....'" *Bird v. Bowen*, 2008 WL 3059466, at *1 (E.D. Cal. Aug. 5, 2008).

Petitioner, a prisoner in custody at the Stafford Creek Corrections Center, has filed the Petition requesting the Court issue a writ of mandamus ordering the State of Washington to produce records and an IPhone to Petitioner within forty-eight hours. Dkt. 4, 4-1.

A district court has the authority to issue all writs, including writs of mandamus, which are "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law." 28 U.S.C. § 1651(a). Section 1651(a) does not provide a federal district court with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). The district court also has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the *United States or any agency thereof* to perform a duty ..." 28 U.S.C. § 1361 (emphasis added).

A petition for mandamus to compel a state official or agency to take or refrain from some action is frivolous as a matter of law. *See Demos v. United States District Court*, 925 F.2d 1160, 1161 (9th Cir. 1991); *Robinson v. California Bd. of Prison Terms*, 997 F.Supp. 1303, 1308 (C.D. Cal. 1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties). Because Petitioner is attempting to obtain a writ in this Court

1  to compel the State of Washington to act, this Court lacks jurisdiction and his Petition is

2  "frivolous as a matter of law." *Demos*, 925 F.3d at 1161-62.

3      The Court concludes it lacks jurisdiction in this case. Further, the Petition is frivolous as

4  a matter of law. The Court finds the deficiencies, therefore, cannot be corrected through an

5  amended petition. Accordingly, the Court recommends the Petition be dismissed with prejudice.

6  The Court also recommends all pending motions be found moot.

7      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

8  Procedure, the parties shall have fourteen (14) days from service of this Report to file written

9  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

10  objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

11  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 15,

12  2018, as noted in the caption.

13      Dated this 31st day of May, 2018.

14

15  _____
    David W. Christel

16  United States Magistrate Judge

17

18

19

20

21

22

23

24